# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Elizabeth Greenwood, | Docket No. 15 CV 1688 |
| Plaintiff | |
| - against - | PLAINTIFF'S COMPLAINT |
| Citibank and Credit Control, LLC, | |
| Defendants. | |

### COMPLAINT

Comes now PLAINTIFF, Elizabeth Greenwood (hereinafter "Plaintiff"), by and through her attorneys, Brighton Law Group, P.A., for her Complaint against Defendants, Citibank and Credit Control, LLC, ("Defendants"), and states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for breach of contract and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff, Elizabeth Greenwood, is an adult residing in Stewardson, Illinois.

3. Defendant, Citibank, is a business entity regularly engaged in business in this State, with its principal place of business located at 388 Greenwich Street, New York, New York.

4. Defendant, Credit Control, LLC, is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 5757 Phantom Drive, #330, Hazelwood, Missouri. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant Credit Control, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION

7. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

8. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

## FACTUAL ALLEGATIONS

9. Defendant Credit Control, LLC ("Credit Control") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Citibank.

10. The debt at issue arises out of an alleged transaction that was primarily for personal, family, or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On May 23, 2014, Credit Control agreed to enter into a settlement with the Plaintiff for her Citibank credit card ending in 4492. The settlement agreement was for total payment of $283.90 by the Plaintiff, in ten (10) monthly payments of $28.39, commencing June 23, 2014.

12. Credit Control agreed to this settlement on a recorded call with Plaintiff's debt settlement law firm.

13. On June 23, 2014, Plaintiff made the first timely payment of $28.39, in accordance with the agreement.

14. Plaintiff made three additional timely payments of $28.39 on July 23, 2014, August 23, 2014, and September 23, 2014, also in accordance with the agreement.

15. Credit Control accepted and cashed above referenced payments between June and September 2014.

16. On October 23, 2014, Plaintiff attempted to make her fifth payment in accordance with the agreement, but Credit Control refused to accept this payment.

17. Defendants reneged on the settlement agreement by refusing to accept Plaintiff's payments. By doing so Defendants committed a breach of contract.

18. Credit Control knew or should have known that its actions also violated the FDCPA. Credit Control could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Defendants offered to settle the allege debt owed with the Plaintiff in return for ten payments by the Plaintiff.

22. Plaintiff accepted Defendants' offer and made the required payments, the first four were accepted and cashed by Credit Control, but Credit Control refused to accept and cash Plaintiff's fifth payment in accordance with the agreement.

23. Defendants breached the settlement agreement and are liable for actual and monetary damages to Plaintiff.

## COUNT II
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. The above contacts between Defendant Credit Control and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

26. Defendant Credit Control violated provisions of the FDCPA, including, but not limited to, the following:

    a. Section 1692e(10) of the FDCPA prohibits any false representation or deceptive means to a collect a debt;

    b. Section 1692f(1) of the FDCPA prohibits a debt collector from using unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

27. Defendant Credit Control unfairly induced Plaintiff into making payments on an account when it had no intention of fulfilling the settlement agreement.

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages that can be up to $1,000.00, attorney's fees and costs.

WHEREFORE, Plaintiff respectfully submits that judgment in the sum of $8,500.00 be entered against Defendants for the following:

(a.) That judgment be entered against Defendant Citibank for actual damages accrued by Plaintiff as a result of its breach of contract;

(b.) That judgment be entered against Defendant Credit Control for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c.) That judgment be entered against Defendant Credit Control for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

(d.) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(e.) That the Court grant such other and further relief as may be just and proper.

Dated: February 25, 2015
Chicago, Illinois

Respectfully submitted,
**Brighton Law Group, P.A.**
By: /s/ Julie Crabbe
Julie Crabbe, Esq.
30 Broad Street, 14th Floor, #1455
New York, NY 10004
Tel (646) 417-5333
Fax (866) 564-5750
Julie.C@Brighton-Law.com
Attorneys for Plaintiff
Elizabeth Greenwood